IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NEO WIRELESS, LLC, | § § § § § § § § § § | |
| Plaintiff | | |
| v. | | NO. 6:21-cv-024- ADA |
| DELL TECHNOLOGIES INC. and DELL INC., | | |
| Defendant. | | |

**DEFENDANTS' OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

Highly Restricted - Confidential

# TABLE OF CONTENTS

Page(s)

I. STATEMENT OF FACTS ................................................................................................ 2

II. LEGAL STANDARD ....................................................................................................... 3

III. ARGUMENT .................................................................................................................... 4

    A. Neo Could Have Filed This Case in the Austin Division ..................................... 5

    B. The Austin Division Is Clearly More Convenient Than the Waco Division .......... 5

        1. Factors Favoring Transfer ......................................................................... 6

            a) Relative Ease of Access to Sources of Proof ................................. 6

            b) Cost of Attendance for Willing Witnesses ..................................... 7

            c) All other practical problems that make trial of a case easy, expeditious, and inexpensive ........................................................ 9

            d) Local interest in having localized interests decided at home ........ 11

        2. Neutral Factors ........................................................................................ 13

IV. CONCLUSION ............................................................................................................... 13

Highly Restricted - Confidential

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*10Tales, Inc., v. TikTok Inc.*,
  No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ..........................6, 7

*Datascape, Ltd. v. Dell Techs., Inc.*,
  No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ............1, 4, 5, 6, 7, 11

*Freshhub, Inc. v. Amazon.com Inc.*,
  No. W-19-CV-00388-ADA (W.D. Tex. Sept. 9, 2019), ECF No. 29 .........................................4

*Frischhertz v. King*,
  No. 19-cv-01017-SJH, 2019 WL 6606532 (W.D. Tex. Dec. 5, 2019) ......................................9

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
  No 6:19-CV-00355-ADA (W.D. Tex. Mar. 30, 2020), ECF No. 65 .........................................4

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020)..................................................................................................6

*In re Google Inc.*,
  No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)....................................................11

*In re Google Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .....................................................10

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)................................................................................................12

*In re Horseshoe Entm't*,
  337 F.3d 429 (5th Cir. 2003) ...................................................................................................11

*In re Radmax, Ltd.*
  720 F.3d 285, 288 (5th Cir. 2013) .............................................................................3, 4, 6, 9, 12

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014).................................................................................................3

*In re TracFone Wireless, Inc.*,
  No. 2021-118, 2021 WL 865353 (Fed. Cir. Mar. 8, 2021).......................................................11

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)................................................................................................12

Highly Restricted - Confidential

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..................................................................................4, 5, 6

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)..........................................................................................10

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,
    No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)...............3, 5, 6, 7, 10, 11, 12

*McCloud v. McLinton Energy Grp., L.L.C.*,
    No. 5:14-cv-620-XR, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014).......................................7

*Perry v. Autocraft Invs., Inc.*,
    No. 4:13-CV-01959, 2013 WL 3338580 (S.D. Tex. July 2, 2013) ...........................................7

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)............................................................................................................11

*Voxer, Inc. v. Facebook, Inc.*,
    No. 6:20-CV-00011-ADA, 2020 WL 3416012 (W.D. Tex. June 22, 2020) .............................4

*Wet Sounds, Inc. v. Audio Formz, LLC*,
    No. 17-cv00141-AWA-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) ..........................12

**STATUTES**

28 U.S.C. § 1404(a) .......................................................................................1, 3, 4, 9, 10, 11, 12

**OTHER AUTHORITIES**

17 James WM. Moore et al., Moore's Federal Practice § 111.21[2] (3d ed. 2013) ......................12

Highly Restricted - Confidential

Defendants Dell Technologies Inc. and Dell Inc. (collectively, "Dell") seek an intra-district transfer to the Austin Division. Dell was founded in a dorm room at the University of Texas at Austin and has been headquartered in the Austin/Round Rock area — within the Austin Division — for more than 35 years. Dell's relevant documents and witnesses are also located in the Austin Division. Dell has no facilities or operations in the Waco Division, and this case has no connection to the Waco Division. The only other party to this case, Plaintiff Neo Wireless LCC ("Neo"), is a Delaware corporation based in Wayne, Pennsylvania, with no disclosed connection to the Waco Division. As this Court recently held in another case involving Dell as a defendant and a plaintiff with no connections to the Waco Division, facts like these "weigh[] heavily in favor of transfer [to Austin]." The same result should be reached here. *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019). Dell accordingly moves to transfer this case to the Austin Division under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

Dell respectfully suggests that the previous (and now expired) district-wide order concerning jury trials in the District should not control the resolution of this motion. The district-wide order extending jury trials in the District due to the Covid-19 pandemic expired by its terms on April 30, 2021 and was not extended. *See* Fourteenth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Mar. 17, 2021) (hereinafter "District-Wide Standing Order"). Moreover, the Covid-19 conditions in Texas are improving. Vaccines are widely distributed across the State and are available to all Texans age twelve or older. *See* https://www.dshs.texas.gov/coronavirus/immunize/vaccine.aspx. Coinciding with improvements in State-wide conditions, trials are resuming in the Austin Division. *See* https://www.txwd.uscourts.gov/judges-information/judges-calendars/#/austin/all-judges/30-

Highly Restricted - Confidential

days/ (jury trials set for June 14, 2021 in 19-CV-00737 and 18-CR-00410; jury trials set for June 21, 2021 in 18-CV-00422 and 19-CV-00940; jury trial set for June 22, 2021 in 17-CV-00687). In view of these developments, and considering that trial in this case will not occur in 2021, resolution of this motion should proceed in the usual course under the expectation that trial of this case will occur in the Austin Division.

I.      STATEMENT OF FACTS

Neo alleges that Dell infringes five patents. Neo has no relevant connections to the Waco Division. It is a non-practicing, patent-assertion entity headquartered in Pennsylvania. ECF 18, First Amended Compl. ¶¶ 1 and 30. The asserted patents were originally assigned to Neocific, Inc. ("Neocific"), which was based in the state of Washington. ECF 18-A ('366 patent), 2; ECF 18-B ('517 patent), 2; ECF 18-C ('908 patent), 2; ECF 18-D ('941 patent), 2; ECF 18-E ('450 patent). The named inventors for the asserted patents appear to all reside in Washington state. The First Amended Complaint does not identify any other individuals who may be witnesses in this case.

Dell has no relevant connections to the Waco Division. As Neo acknowledges in its First Amended Complaint, Dell Technologies Inc. and Dell Inc. are Delaware corporations with their principal places of business in Round Rock, Texas. First Amended Compl. ¶¶ 2-3. Neo has not cited a single fact in its First Amended Complaint supporting venue for Dell in the Waco Division. Nor could it. Mari Kennedy, Dell's Director, Strategy, Operations and Chief of Staff, for Global HR Services, has confirmed that Dell does not maintain a physical place of business in the Waco Division. *See* Ex. 1, Decl. of Kennedy in Support of Dell's Mot. (hereinafter "Kennedy Decl."), ¶ 5. Dell, however, has multiple large, physical campuses in the Austin Division, has approximately 14,000 employees based in the Austin Division, and maintains documents, electronically stored information, and physical evidence at those facilities. Kennedy Decl., ¶¶ 5,

2

7, 9; Ex. 2, Declaration of Jean Paul Sarkis in Support of Defendants' Opposed Motion for Intra-District Transfer of Venue ("Sarkis Decl."), ¶ 6. Indeed, in addition to the global headquarters in Round Rock, Neo's First Amended Complaint lists five other Dell facilities in the Austin division, as well as several Dell job postings in Austin relating to network technologies. First Amended Compl. ¶¶ 8-9. Dell also has additional facilities and employees throughout the United States and in foreign countries, each of whom ultimately reports to the headquarters in Round Rock. Kennedy Decl., ¶ 5; Sarkis Decl., ¶¶ 6, 8.[1]

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). As the Fifth Circuit confirmed in *In re Radmax, Ltd.*, "[t]he § 1404(a) factors apply as much to transfers **between** divisions of the same district as to transfers from one district to another." 720 F.3d 285, 288 (5th Cir. 2013) (emphasis added).[2] In *Radmax*, the Fifth Circuit issued a writ of mandamus and reversed a denial of intra-district transfer because "the case ha[d] no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . [were] in the transferee forum." *Id.* at 290. This District has repeatedly recognized and applied the same principle, including in patent cases. For example, in *Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, the court transferred a patent case from the Austin Division to the San Antonio Division, finding that the patent owner's choice of venue was not entitled to deference where another division would be more convenient. No. 14-CV-464, 2014 WL 12479284 (W.D.

---

[1] Sources of proof outside Texas are not relevant to this analysis. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.").

[2] All emphasis added unless otherwise noted.

3

Tex. Aug. 12, 2014).  This Court has transferred multiple patent cases from the Waco Division to the Austin Division.  *See, e.g.*, *Datascape*, 2019 WL 4254069 at *3; *Voxer, Inc. v. Facebook, Inc.*, No. 6:20-CV-00011-ADA, 2020 WL 3416012, at *7 (W.D. Tex. June 22, 2020); *Freshhub, Inc. v. Amazon.com Inc.*, No. W-19-CV-00388-ADA (W.D. Tex. Sept. 9, 2019), ECF No. 29; *Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No 6:19-CV-00355-ADA (W.D. Tex. Mar. 30, 2020), ECF No. 65.

In determining whether transfer is appropriate, the Court must first consider "whether a civil action 'might have been brought' in the destination venue."  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (quoting § 1404(a)).  If the answer to this threshold question is *yes*, then the Court must then weigh a number of factors to determine the relative convenience of each venue:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Radmax*, 720 F.3d at 288 (quotation marks omitted) (citing *Volkswagen*, 545 F.3d at 315).  Where the analysis of the relevant factors shows the transferee forum to be "clearly more convenient" than the plaintiff's original choice, the court must order transfer.  *Id.*

### III. ARGUMENT

The Court should transfer this case to the Austin Division because (1) Neo could have originally filed this case in the Austin Division and (2) the Austin Division is clearly more convenient than the Waco Division.

4

### A.     Neo Could Have Filed This Case in the Austin Division

Considering that every fact Neo alleges in its First Amended Complaint in support of venue in this District refers to places of business in the Austin Division, there can be no dispute that this case "might have been brought" in the Austin Division, as opposed to the Waco Division. *See Mimedx*, 2014 WL 12479284, at *1 (citing *Volkswagen*, 545 F.3d at 312).

### B.     The Austin Division Is Clearly More Convenient Than the Waco Division

Analyzing the Fifth Circuit's enumerated factors (adopted for intra-district transfers in *Radmax*) demonstrates that litigating this case in the Austin Division would be clearly more convenient than litigating in the Waco Division. In *Datascape*, this Court addressed a case involving the same venue facts: a patent owner with no ties to the Waco Division sued Dell in the Waco Division. This Court found that "the relevant convenience weigh[ed] **heavily** in favor of transfer." *Datascape*, 2019 WL 4254069, at *2 (emphasis added). The facts that supported transfer then, such as Dell's large facilities, headquarters, and operations in the Round Rock/Austin area, its relevant witnesses in the area, and the strong local interest in the case, are equally true today. Thus, the Austin Division is a clearly more convenient venue under the Fifth Circuit's multi-factor test, as outlined in the following chart:

| Factor | More Convenient Venue |
|---|---|
| Relative ease of access to sources of proof | Austin Division |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Austin Division |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Austin Division |
| Administrative difficulties flowing from court congestion | Neutral |

| Factor | More Convenient Venue |
|---|---|
| Local interest in having localized interests decided at home | Austin Division |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

Under these facts, transfer is warranted: four factors favor transfer; four factors are neutral; and *no* factors support litigating in the Waco Division. *See Datascape* *1-2; *see also Radmax*, 720 F.3d at 290 (confirming that it was an "extraordinary error" to decline transfer where three factors supported transfer, five were neutral, and "not a single relevant factor favors the plaintiffs' chosen venue" (brackets omitted) (quoting *Volkswagen*, 545 F.3d at 318)); *Mimedx*, 2014 WL 12479284, at *3 (ordering transfer where four factors favored transfer, four were neutral, and none favored plaintiff's choice of venue).

### 1. Factors Favoring Transfer

No party has any connection to the Waco Division. To the extent there are relevant documents and witnesses in this District, they are all in the Austin Division. Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical issues, and Austin's local interest in deciding this case all strongly favor transfer.

#### a) Relative Ease of Access to Sources of Proof

The first factor considers the location of relevant evidence. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *10Tales, Inc., v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *2 (W.D. Tex. May 21, 2021) (*quoting In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020)). Moreover, as this

Court explained in *Datascape*, "the question is *relative* ease of access, not *absolute* ease of access." *Datascape*, *2 (emphasis in original); *see also Mimedx*, 2014 WL 12479284, at *2; *Perry v. Autocraft Invs., Inc.*, No. 4:13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) ("[A]lthough the inconvenience of obtaining sources of proof in the Galveston Division may be slight, Houston's relatively easier access to evidence favors transfer.").

Dell's relevant evidence and witnesses are primarily located in, or accessible from, Dell's headquarters in Round Rock and Austin. Sarkis Decl., ¶¶ 6-8. The most critical point is that none of the relevant evidence is in the Waco Division. *See McCloud v. McLinton Energy Grp., L.L.C.*, No. 5:14-cv-620-XR, 2014 WL 6388417, at *3 (W.D. Tex. Nov. 14, 2014) ("Although Plaintiffs state that not 'all' the evidence is in Midland, certainly the bulk of it is there, and Plaintiffs point to **no** evidence in San Antonio or within the San Antonio Division."). Further, even if electronically stored documents may be quickly shared between locations, 5th Circuit precedent still requires courts to fully weigh the location of the stored documents. *See 10Tales*, 2021 WL 2043978, at *2 (failing to weigh location of electronically stored documents "would be particularly egregious given that 10Tales failed to identify a single source of physical proof located in this District."). Accordingly, just as in *Datascape*, "access to sources of proof is *relatively* easier in Austin than it is in Waco. This factor thus supports transfer." *Datascape* at *2.

### b) Cost of Attendance for Willing Witnesses

The convenience of witnesses factor favors transfer to the Austin Division when a significant number of the accused infringer's relevant witnesses are located in the Austin area and none is located in the Waco Division. *Datascape*, 2019 WL 4254069, at *2 (holding cost of attendance favored transfer because Dell had "Austin employees who might serve as potential witnesses" and "no employees located in the Waco Division who have any responsibilities related to its [accused products]"). That is precisely the case here.

7

Dell has approximately 14,000 employees within the Austin Division, multiple of whom are likely to have knowledge relevant to this litigation. Kennedy Decl., ¶¶ 7–10. For example, many of Dell's relevant design, development, and component procurement personnel are located in the Austin Division, and none is located in the Waco Division. *Id*. Many of Dell's relevant marketing employees are also located in the Austin Division, and again, none are located in the Waco Division. *Id*. To be more specific, at least the following Dell employees in the Austin Division have information related to LTE, 4G, and 5G technology and products at issue:

| Name | Title | Business Location – Place of Residence |
|---|---|---|
| Reynaldo Garcia | Consultant, Commodity Manager | Remote – Round Rock, Texas |
| Kevin McCann | Vice President, Consumer Client Engineering | Austin – Cedar Park, Texas |
| Mike Hareng | Director, Systems Development Engineering | Austin – Cedar Park, Texas |
| Omar Diaz | Consultant, Strategic Business Development | Austin – Round Rock, Texas |
| Steve Cho | Distinguished Engineer | Austin – Cedar Park, Texas |
| Danlu Huang | Consultant, Commodity Management | Remote – Cedar Park, Texas |

*Id*.

Transferring to Austin will allow more of Dell's relevant employees to participate in trial or hearings without having to incur the burden of traveling over 160 miles roundtrip to/from Waco. Transfer would also avoid needless expenses associated with transit and housing employees while they are on-call for trial testimony. Trial in Austin would further minimize disruption by allowing

8

these witnesses to work at their regular offices during the day while they are on-call and waiting to testify and by allowing them to stay home with their families.

Further, Neo has not indicated that any of its potential witnesses resides in Texas, much less in the Waco Division.  Thus, every Neo witness will have to leave work for extended periods of time and incur expenses for transit and lodging regardless of whether the trial is held in Waco or Austin.  At the same time, trial in Austin would avoid these burdens for at least most (if not all) of Dell's witnesses, which will likely be the majority of all fact witnesses at trial.  *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

This factor also favors holding trial in Austin when considering any relevant out-of-state witnesses.  Austin has a major international airport that services numerous airlines and can therefore accommodate out-of-state witnesses more easily than Waco.  *Frischhertz v. King*, No. 19-cv-01017-SJH, 2019 WL 6606532, at *4 (W.D. Tex. Dec. 5, 2019) (holding that out-of-state witnesses "would be more inconvenienced by traveling to Waco rather than Austin").  Further, transfer to the Austin Division would afford any of Dell's out-of-state witnesses the convenience of working out of Dell's Round Rock and Austin offices while being in Texas for trial.

        **c)**    **All other practical problems that make trial of a case easy, expeditious, and inexpensive**

The fourth factor considers practical problems, speed, and expense.  This case is still in its earliest stages: Dell's Answer is not due until June, and the Court has not yet held a Rule 16 Conference.  Thus, there is no reason to expect that transferring the case to the Austin Division would result in any meaningful delay that would counsel against doing so.  *See Radmax*, 720 F.3d

at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer."); *Mimedx*, 2014 WL 12479284, at *2.

Moreover, Neo's other nascent cases in the Waco Division (involving Apple and LG as defendants) do not justify denying transfer. The Federal Circuit (applying Fifth Circuit law) has expressly held that judicial economy considerations from related cases cannot "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). As the Federal Circuit explained in a later decision, overemphasis on co-pending suits would "effectively inoculat[e] a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) (nonprecedential). For this reason, it is improper to weigh the judicial economy factor against transfer based on the existence of any co-pending suits. *Id*.

Finally, the District-Wide Standing Order extending jury trials across the District expired by its terms on April 30, 2021 and was not extended. As such, the resolution of this motion in this recently filed lawsuit should not be impacted by concerns about the availability of jury trials in the Austin Division. In fact, jury trials set to resume in the Austin Division in the next 30 days. *See* https://www.txwd.uscourts.gov/judges-information/judges-calendars/#/austin/all-judges/30-days/ (jury trials set for June 14, 2021 in 19-CV-00737 and 18-CR-00410; jury trials set for June 21, 2021 in 18-CV-00422 and 19-CV-00940; jury trial set for June 22, 2021 in 17-CV-00687). The conditions regarding Covid-19 in Texas continue to improve, including vaccine eligibility of all Texans age twelve or older. Considering that trial in this case will not occur in 2021, there is a reasonable expectation that trial will proceed in due course in the Austin Division

In view of the expected trial date in this case and the ongoing activity in the Austin Division, it would not be appropriate to delay resolution of the merits of Dell's Motion to Transfer based on the previous closure of the Austin courthouse due to the now-expired District-Wide Standing Order.  Delaying the final resolution of this motion would run counter to "a principle well-established in Fifth Circuit law: That district courts must give promptly filed transfer motions 'top priority' before resolving the substantive issues in the case." *In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353, at *2 (Fed. Cir. Mar. 8, 2021) (nonprecedential) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)); *see also In re SK hynix Inc.*, 835 F. App'x 600, (Mem)–601 (Fed. Cir. Feb. 1, 2021) (nonprecedential).  "In the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense, when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (nonprecedential) (internal quotation marks and citations omitted) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  In sum, the status of the Austin Division is not a barrier to this Court granting Dell's motion, especially considering the changing conditions in the Austin Division.

Accordingly, this factor also strongly weighs in favor of transfer.

### d) Local interest in having localized interests decided at home

Finally, a division has greater local interest in adjudicating an action when the accused infringer is located within that division. *Datascape*, 2019 WL 4254069, at *5; *Mimedx*, 2014 WL 12479284 at *3.  The Austin Division has a considerable interest in deciding this case, which affects one of its largest corporate residents.  For more than thirty years, Dell has chosen to locate its principal place of business in the Austin Division.  Because the accused infringer is based in

11

Austin, the residents of the Austin Division will have a significant local interest in the outcome of this case. And, the local interest of the Austin Division is far more significant than that of any other division in this District. *See Mimedx*, 2014 WL 12479284, at *3 (confirming in patent case that "Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests."); *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, [the local interest] factor should be weighed in that venue's favor."). The Waco Division does not have a local interest that is apparent from the First Amended Complaint or the litigation in this case to date.

Neo's choice to file suit in the Waco Division also does not change the local interest analysis. A plaintiff's choice of forum is given minimal deference in the context of intra-district transfers. *Radmax*, 720 F.3d at 289 (citing 17 James WM. Moore et al., Moore's Federal Practice § 111.21[2], at 111–55 (3d ed. 2013)); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("[T]he district court gave too much weight to [plaintiff's] choice of venue . . . . Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."). This is particularly true here because Neo has already chosen to sue in a District with which it has no relevant connections. *See Wet Sounds, Inc. v. Audio Formz, LLC*, No. 17-cv00141-AWA-LY, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017) ("[T]he Court will not give deference to a plaintiff's choice of forum when the plaintiff is not a residence of the chosen forum and the underlying facts of the case did not occur in the chosen forum[.]"). Thus, local interest strongly favors transfer.

12

      **2.**      **Neutral Factors**

The remaining factors are neutral and do not weigh for or against transfer. The compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions. Both Divisions are familiar with and equally capable of applying federal patent laws. Regardless of the Division, neither would present a conflict of law or require the application of foreign law. And to Dell's knowledge, there are no administrative difficulties flowing from court congestion (especially since trial should occur well after the Austin courthouse reopens).

**IV.**    **CONCLUSION**

The Waco Division has no ties to this lawsuit, and thus this case should be transferred to the Austin Division, where Dell is headquartered and maintains its principal places of business. Dell respectfully asks that the Court grant this Motion.

Dated: May 28, 2021

Respectfully submitted,

*/s/ Roger Fulghum*
BAKER BOTTS LLP
Roger Fulghum
State of Texas Bar No. 00790724
910 Louisiana Street
Houston, Texas 77002
Telephone: 713.229.1707
Facsimile: 713.229.2707
Email: roger.fulghum@bakerbotts.com

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
E-mail: ddacus@dacusfirm.com

ATTORNEYS FOR DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served May 28, 2021, with a copy of this document via the Court's CM/ECF system.

/s/ *Roger Fulghum*  
Roger Fulghum
